Appeal from an order denying appellants’ motion to confirm an award of arbitrators and granting respondent’s cross motion to vacate the award. The parties entered into a contract under which respondent was granted an option to purchase a fuse manufacturing business within a period of one year. Within the year respondent gave notice of its intention to purchase, but the parties never reached agreement on price or terms. The contract provided that the purchase price was to be determined by formulas stated therein, and that in the event of disagreement “relative to prices, values or considerations” or “differences with respect to the interpretation of its terms”, the parties would submit the same to arbitration “in keeping with the terms of standard, generally current arbitration agreements, using the procedure and facilities of the American Arbitration Association.” The demand for arbitration, among other forms of relief, sought to compel respondent to purchase the fuse business upon the establishment of values as provided for in the contract. After hearings the arbitrators made an award stating that respondent shall purchase the business and pay therefor in shares of its stock. Order reversed on the law and the facts, with costs, motion to confirm the award granted, and cross motion to vacate the award denied. Findings of fact insofar as they may he inconsistent herewith are reversed, and new findings are made as indicated herein. Upon affirmance of the order directing the parties to proceed to arbitration (Matter of General Fuse Co. [Sightmaster Corp.], 2 A D 2d 695), this court necessarily held (1) that respondent had not rescinded, but had affirmed, the contract; (2) that a valid contract for arbitration existed and that no substantial issue was presented to the court as to whether or not the contract had been induced by fraud; (3) that respondent• had exercised its option to purchase granted by the contract, and (4) that the parties were in controversy as to the terms of the contract which define the purchase price and the form of payment, and in controversy as to other prices, values, and considerations referred to in the contract. The arbitrators were authorized under the arbitration contract and the rules of the American Arbitration Association to make an award of specific performance. The two decisions cited by the parties upon the oral argument in this court, and which may be in conflict, do not affect the validity of the award herein. (Matter of Wrap-Vertiser Corp. [Plotnick], 3 N Y 2d 17; Matter of Amerotron Corp. [Shapiro Woolen Co.], 3 A D 2d 899, affd. 4 N Y 2d 722.)
Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.